**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PETER A. PHELPS,

Plaintiff,

v. 1:25-cv-01581 (AMN/ML)

THE FUSCO GROUP PARTNERS, INC.; CLAIMSHIELD HOLDINGS, INC.; ANDREW FUSCO,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**PETER A. PHELPS**
14062 Lavante Court
Bonita Springs, Florida 34135
*Plaintiff pro se*

**BOND, SCHOENECK & KING, PLLC** **ROBERT F. MANFREDO, ESQ.**
22 Corporate Woods Blvd., Suite 501 **STUART F. KLEIN, ESQ.**
Albany, New York 12211
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 14, 2025, plaintiff *pro se* Peter A. Phelps ("Plaintiff") commenced this action against defendants The Fusco Group Partners, Inc. ("Fusco Group"), ClaimShield Holdings, Inc. ("ClaimShield"), and Andrew Fusco ("Fusco") (collectively, "Defendants") in the Supreme Court of the State of New York, Albany County. Dkt. No. 2. Defendants timely removed Plaintiff's suit to this Court on November 10, 2025. Dkt. No. 1. After Defendants filed an answer and a partial motion to dismiss Plaintiff's complaint, Dkt Nos. 6-7, Plaintiff filed an amended complaint as of

right on December 1, 2025, Dkt. No. 20 ("Amended Complaint"), and accordingly withdrew his initial complaint, *see* Dkt. No. 23. In his Amended Complaint, Plaintiff alleges various violations arising out of a consulting agreement involving Defendants. *See* Dkt. No. 20.

Presently before the Court is Defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 24 ("Motion"). Plaintiff responded, Dkt. No. 27, and Defendants replied, Dkt. No. 31.[1]

For the reasons that follow, the Court grants Defendants' Motion in its entirety.

## II. BACKGROUND

### A. The Parties

Plaintiff is an individual residing in the state of Florida. Dkt. No. 20 at ¶ 1. Defendant Fusco Group is a New York corporation with its principal place of business in New York. *Id.* at ¶ 2. Defendant ClaimShield is a Delaware corporation with its principal place of business in New York. *Id.* at ¶ 3. Plaintiff alleges that Defendant Fusco is an individual residing in Puerto Rico. *Id.* at ¶ 4. Plaintiff further alleges Defendant Fusco is "the principal owner, controller, and decision-maker" of both Defendants Fusco Group and ClaimShield. *Id.*

### B. Plaintiff's Allegations

Plaintiff alleges that on October 1, 2024, he entered into a Consulting Agreement ("Consulting Agreement") with Fusco Group "to serve as Chief Financial Officer ("CFO") for the company and its affiliates." Dkt. No. 20 at ¶ 7. Plaintiff further alleges that ClaimShield was one of those affiliates. *Id.* at ¶ 8.

[1] On February 22, 2026, Defendant ClaimShield and Defendant Fusco Group each filed answers that included counterclaims against Plaintiff. Dkt. Nos. 33, 34. Plaintiff filed answers to both sets of counterclaims. Dkt. Nos. 35, 36.

Pursuant to the Consulting Agreement, Plaintiff alleges that he "provided extensive CFO-level services" to all Defendants, which included "financial modeling," "multiyear projections," "valuation analysis," "underwriting structure design," "capital-raising preparation," "investor outreach," "partnership negotiations," "strategic planning," and "operational structuring." *Id.* at ¶¶ 9-10. Plaintiff alleges that he "consistently performed all services requested," but "[d]espite repeated invoices and written demands, no defendant paid Plaintiff for the work performed." *Id.* at ¶¶ 13-14. As to Defendant Fusco, Plaintiff alleges that he assigned Plaintiff tasks, reviewed Plaintiff's work, made payment decisions, and instructed Plaintiff on behalf of Defendants Fusco Group and ClaimShield. *Id.* at ¶ 12.

Plaintiff further alleges that he was never paid even though Defendants continued to accept his work and "repeatedly represented that payment was forthcoming." *Id.* at ¶¶15, 17. Plaintiff alleges that he provided services to Defendants for exactly one year, from October 1, 2024, through September 30, 2025, and is thus owed unpaid compensation of at least $160,000. *Id.* at ¶¶ 9, 20.

**C. Plaintiff's Claims and Defendants' Motion**

Plaintiff brings seven causes of action: (1) breach of contract against Defendant Fusco Group, *id.* at ¶¶ 21-25; (2) breach of contract against Defendant ClaimShield, *id.* at ¶¶ 26-31; (3) "account stated" against all Defendants, *id.* at ¶¶ 32-37; (4) unjust enrichment against Defendants ClaimShield and Fusco, *id.* at ¶¶ 38-43; (5) quantum meruit against all Defendants, *id.* at ¶¶ 44-48; (6) promissory estoppel against Defendants ClaimShield and Fusco, *id.* at ¶¶ 49-54; and (7) alter ego/veil-piercing against Defendants ClaimShield and Fusco, *id.* at ¶¶ 55-61.

Defendants move to dismiss each of Plaintiff's causes of action for failure to state a claim except for Plaintiff's breach of contract claim against Defendant Fusco Group and his unjust enrichment claim against Defendant ClaimShield. Dkt. No. 24 at 8.[2]

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

(citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV. DISCUSSION

### A. Jurisdiction, Venue, and Applicable Substantive Law

In support of their Motion, Defendants attach a copy of Plaintiff's state court complaint, which includes the Consulting Agreement to which Plaintiff's Amended Complaint refers. Dkt. No. 24-2. The Court accordingly considers the Consulting Agreement in its analysis. *Chambers*, 282 F.3d at 152 (holding that on a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"); *see also Mangiafico*, 471 F.3d at 398 (holding that courts may consider documents "integral" to the pleadings on a motion to dismiss).

The Consulting Agreement stipulates that its terms are governed by Delaware state law and that any dispute arising between the parties under those terms shall be submitted to the jurisdiction

of any state or federal court located in Albany County, New York. Dkt. No. 24-2 at ¶ 15. The parties do not dispute these provisions. *See generally* Dkt. Nos. 20, 24. The Court also notes that it has subject matter jurisdiction because the parties are completely diverse and the amount in controversy is greater than $75,000.00. *See* 28 U.S.C. § 1332. Accordingly, the Court proceeds to review the substantive issues presented under the Consulting Agreement pursuant to Delaware law.

**B. Privity of Contract**

Defendants argue that Plaintiff's second cause of action against Defendant ClaimShield should be dismissed because Plaintiff lacks privity of contract with Defendant ClaimShield under the Consulting Agreement. The Court agrees.

"Privity of contract refers to the status of parties who are entitled to sue on a particular contract." *IOENGINE, LLC v. Paypal Holdings, Inc.*, 607 F. Supp. 3d 464, 518 (D. Del. 2022) (citations omitted). "The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. Privity of contract is essential and a necessary predicate to a suit on a contract. No liability for a breach of contract, and no right of action for breach of contract, may lie in the absence of privity of contract between the parties." 17A Am. Jur. 2d Contracts § 405; *see also Urdan v. WR Capital Partners, LLC*, 2019 Del. Ch. LEXIS 313 at *12 n. 11 (Del. Ch. Ct. Aug. 19, 2019); *Wallace on behalf of Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("It is a general principle of contract law that only a party to a contract may be sued for breach of that contract.").

After review, the Court finds that the Consulting Agreement binds two parties: Plaintiff and Defendant Fusco Group. The Consulting Agreement explicitly names "The Fusco Group Partners, Inc." and "Peter A. Phelps" as the parties to which it applies. Dkt. No. 24-2 at 4. It is

true that Defendant ClaimShield is named within the Consulting Agreement as one of the "Client Companies" to which Plaintiff was to provide services, but that inclusion in and of itself does not bind Defendant ClaimShield as a party under the Consulting Agreement. "[I]n order to bind a third person contractually, an expression of assent by such person is necessary[,]" thus "[a] person is not made a party to a contract merely by being named and described in it." 17A Am. Jur. 2d Contracts § 400.

Plaintiff argues that his breach of contract claim against Defendant ClaimShield should proceed because "ClaimShield entered into a separate Restricted Stock Award Agreement with Plaintiff under ClaimShield's Equity Incentive Plan." Dkt. No. 27 at 3. However, as Plaintiff admits, that is a *separate agreement* from that which Plaintiff seeks to enforce—the Amended Complaint expressly alleges facts and damages against ClaimShield pursuant to the Consulting Agreement, and makes no mention of a restricted stock award agreement. *See* Dkt. No. 20 at ¶¶ 7-8, 26-31; *Prime Contrs. v. Aps Contrs. Inc.*, 754 F. Supp. 3d 289, 300 (E.D.N.Y. 2024) ("In deciding a motion to dismiss, the Court is confined to 'the allegations contained within the four corners of [the] complaint.").

Thus, because Plaintiff lacks privity of contract with Defendant ClaimShield under the Consulting Agreement, the Court dismisses Plaintiff's breach of contract claim against Defendant ClaimShield.

**C. Account Stated**

A claim for "account stated" is a type of contract claim at common law. *Outbox Sys., Inc. v. Trimble Inc.*, No. CV N21C-11-123 PRW CCLD, 2022 WL 3696773, at *4 (Del. Super. Ct. Aug. 24, 2022) (citing *Richburg v. Palisades Collection LLC*, F.R.D. 457, 465 (E.D. Pa. 2008)). An "account" refers to "an unsettled claim or demand by one person against another, based upon

a transaction creating a debtor and creditor relation between the parties which is usually but not necessarily represented by an ex parte record kept by one or both of them." *Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845 (Del. Super. Ct. 1980) (quoting 1 Am Jur. 2d Accounts and Accounting § 1).

To plead a claim for account stated under Delaware law, a plaintiff must allege that "(1) an account existed between the parties; (2) the defendant stated or admitted to owing a specific sum on the account to the plaintiff; and (3) the defendant made this admission after the original account or debt was created." *Outbox*, 2022 WL 3696773, at *4 (quoting *Sparebank 1 SR-Bank ASA v. Wilhelm Maass GMBH*, No. N19C-02-025 WCC, 2019 WL 6033950, at *6 (Del. Super. Ct. Nov. 5, 2019)) (internal quotations omitted). "The basic requirement of an account stated [claim] is that an exact and definite balance must be struck as to which both the creditor and debtor assent." *Id.* Thus, in effect, "there must be an antecedent debt to which the promise relates and which the promise 'states' or 'restates.'" *Id.* (quoting 29 Williston on Contracts § 73:55 (4th ed. 2021)).

Here, Plaintiff fails to adequately allege the elements necessary for an account stated claim as to any Defendant. Plaintiff appears to base his account stated claim on the compensation terms of the Consulting Agreement, but as the Court found above, that agreement only binds Plaintiff and Defendant Fusco Group as parties. *See* Dkt. No. 20 at ¶ 36. Therefore, an account does not exist between Plaintiff and Defendant ClaimShield nor between Plaintiff and Defendant Fusco on which Plaintiff can assert a claim for account stated. Furthermore, Plaintiff fails to allege that any Defendant "stated or admitted" to owing a specific amount on the alleged account to Plaintiff. *See id.* at ¶¶ 32-37. Merely alleging that "Defendants received, retained, and did not object to" Plaintiff's invoices and that "Defendants accepted the benefit of Plaintiff's services" does not amount to an exact or definite balance that any Defendant assented to pay. *See id.* at ¶¶ 34-35.

Therefore, Plaintiff's allegations that "[a]n account existed between the parties and a balance of at least $160,000 remains due" are wholly conclusory. *See id.* at ¶ 36. The Court accordingly dismisses Plaintiff's account stated claim against all Defendants.

**D. Unjust Enrichment**

Plaintiff alleges in the alternative that both Defendant ClaimShield and Defendant Fusco were unjustly enriched by receiving Plaintiff's services without payment. *Id.* at ¶¶ 38-43. Defendant seeks dismissal of that claim only as to Defendant Fusco. Dkt. No. 24 at 11-12.

"Unjust enrichment describes a recovery for the value of the benefit retained when there is no contractual relationship but when, on the grounds of fairness and justice, the law compels the performance of a legal and moral duty to pay." *Windsor I, LLC v. CWCapital Asset Mgmt LLC*, 238 A.3d 863, 875 n. 55 (Del. 2020) (quoting 66 Am. Jur. 2d, Restitution and Implied Contracts § 3 (2d ed.)) (internal quotation marks omitted). Under Delaware law, a claim for unjust enrichment must allege: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Id.* at 875.

Here, Defendants argue that Plaintiff fails to allege facts establishing that Defendant Fusco was individually enriched at Plaintiff's expense. Dkt. No. 24-4. The Court agrees.

Plaintiff's claim for unjust enrichment against Defendant Fusco fails because Plaintiff does not allege facts establishing a relationship in which Defendant Fusco could have been individually enriched at Plaintiff's expense. Plaintiff asserts conclusory allegations that "all defendants benefitted directly from Plaintiff's work," "defendants continued to accept Plaintiff's work," and "[d]efendants benefitted financially and operationally from Plaintiff's work product, which they continue to use." Dkt. No. 20 at ¶¶ 11, 15, 19. But at no point does Plaintiff allege facts showing

whether or how Defendant Fusco individually benefitted from Plaintiff's work outside of his role as an officer of Defendants Fusco Group and ClaimShield. *See id.*; *see also id.* at ¶¶ 39-40. Without such facts, Plaintiff cannot show that Defendant Fusco was individually enriched, and as such, cannot sustain a claim for unjust enrichment against him. *Cf. Cale Johnson Constr., Inc. v. Bucher*, No. S24L-01-005 MHC, 2025 WL 635756, at *3 (Del. Super. Ct. Feb. 27, 2025), *reargument denied*, No. S24L-01-005 MHC, 2025 WL 1090200 (Del. Super. Ct. Apr. 7, 2025) ("Delaware law clearly holds that officers of a corporation are not liable on corporate contracts as long as they do not purport to bind themselves individually."). Accordingly, the Court dismisses Plaintiff's unjust enrichment claim against Defendant Fusco.

**E. Quantum Meruit**

Plaintiff also alleges a quantum meruit claim against all Defendants. Dkt. No. 20 at ¶¶ 44-48. Defendants argue that Plaintiff's claim for quantum meruit against Defendant Fusco Group is duplicative of Plaintiff's claim for breach of contract under the Consulting Agreement. Dkt. No. 24-4 at 13. As to Defendants ClaimShield and Fusco, Defendants argue that because the Consulting Agreement governs the relevant transactions underlying Plaintiff's allegations, the Court should dismiss Plaintiff's quantum meruit claim against them as nonparties to that contract. *Id.* at 13-14. In response, Plaintiff generally argues that he is entitled to plead equitable claims in the alternative pursuant to Federal Rule of Civil Procedure 8(d) because Defendants may "later contend that contractual remedies are unavailable as to certain parties or claims." Dkt. No. 27 at 4.

The Court agrees with Defendants. To plead a claim for quantum meruit, "a plaintiff must show (1) [his] services were performed 'with the expectation that the recipient would pay for them' and (2)'the recipient should have known . . . [plaintiff] expected to be paid." *Dillon Gage Inc. of*

*Dallas v. Umicore Precious Metals USA Inc.*, No. N25C-07-036 SSA, 2025 WL 3779149 (Del. Super. Ct. Dec. 30, 2025). But courts "generally dismiss claims for *quantum meruit* on the pleadings when it is clear from the face of the complaint that there exists an express contract that controls." *Albert v. Alex. Brown Mgmt. Servs., Inc.*, No. CIV.A. 762-N, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005). Additionally, where there is an enforceable contract that governs a relationship, a plaintiff may not also seek to recover from a person or entity who is not party to the contract on a theory of quasi-contract. *See Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 58-59 (Del. Ch. 2012). While a plaintiff may plead theories of quasi-contract "in the alternative," "[t]his is generally so . . . only when there is doubt surrounding the enforceability or the existence of the contract." *Id.* at 59 (quoting *Kuroda v. SPJS Hldgs.*, LLC, 971 A.2d 872, 892 n. 65 (Del. Ch. 2009)); *see also Albert*, 2005 WL 2130607, at *8 (stating the same specifically as to quantum meruit).[3]

Here, it is undisputed that a written contract—the Consulting Agreement—exists between Plaintiff and Defendant Fusco Group. *Compare* Dkt. No. 20 *with* Dkt. No. 24. After review, the Court finds that the Consulting Agreement governs Plaintiff's allegations regarding the services he performed and the compensation he is owed. *See* Dkt. No. 24-2 at ¶¶ 2, 3, 5 (provisions regarding contracted services, compensation, and termination). The Court also incorporates its previous finding that neither Defendant ClaimShield nor Defendant Fusco are parties to the Consulting Agreement. *Supra* section IV.B. Thus, because there is no doubt that the Consulting

[3] And even if the relevant contract was in dispute and a plaintiff could so plead in the alternative, pleading based on quasi-contract theories "does not obviate the obligation to provide factual support for each theory." *Dillon*, 2025 WL 3779149, at *6.

Agreement covers the subject matter at hand, the Court dismisses Plaintiff's claim for quantum meruit as to all Defendants.

**F. Promissory Estoppel**

Plaintiff alleges a claim for promissory estoppel against Defendants ClaimShield and Fusco. To adequately plead a claim for promissory estoppel, "a plaintiff must show *by clear and convincing evidence* that: (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise." *CSH Theatres, LLC v. Nederlander of San Francisco Assocs.*, No. CV 9380-VCP, 2015 WL 1839684, at *20 (Del. Ch. Apr. 21, 2015), *aff'd sub nom. In re Shorenstein Hays-Nederlander Theatres LLC Appeals*, 213 A.3d 39 (Del. 2019) (emphasis in original). Defendant argues that Plaintiff fails to plead that injustice can be avoided only by enforcement of any alleged promises. The Court agrees.

Because the Consulting Agreement governs Plaintiff's allegations as to all of the damages he asserts he is owed and Plaintiff could in theory recover from Fusco Group under that express contract, Plaintiff cannot show that promissory estoppel is necessary to avoid injustice. *See, e.g.*, *Hiller & Arban, LLC v. Rsrvs. Mgmt., LLC*, No. CV N15C–02–161, 2016 WL 3678544, at *5 (Del. Super. Ct. July 1, 2016). Moreover, to the extent that Plaintiff alleges that Defendants ClaimShield and Fusco made promises to him by representing that payment was forthcoming, such allegations are conclusory without further factual allegations detailing what was promised and how such

representations were made. *See* Dkt. No. 20 at ¶ 50. Therefore, the Court dismisses Plaintiff's promissory estoppel claim.[4]

### G. Piercing the Corporate Veil[5]

Lastly, Plaintiff seeks to pierce Defendant Fusco Group's corporate veil to hold Defendants ClaimShield and Fusco liable for Plaintiff's alleged damages. *Id.* at ¶¶ 55-61.

Under Delaware law, a court determining whether to pierce the corporate veil considers "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a façade for the dominant shareholder." *Verdantus Advisors, LLC v. Parker Infrastructure Partners, LLC*, No. CV 2020-0194-KSJM, 2022 WL 611274, at *2 (Del. Ch. Mar. 2, 2022) (citation omitted). And a plaintiff must also demonstrate "an overall element of injustice or unfairness." *Id.* (citation omitted). Delaware public policy generally disfavors disregarding the separate legal existence of a corporate entity, and it is therefore difficult to successfully plead a

[4] In their Motion, Defendants seek to dismiss Plaintiff's claims for promissory estoppel and unjust enrichment on the basis that Plaintiff failed to adequately allege those claims. But the Court notes that Delaware law also allows for dismissal of such quasi-contract claims on the basis of an existing and enforceable contract that undisputably governs the relevant subject matter. *See Dillon*, 2025 WL 3779149, at *5; *Vichi*, 62 A.3d at 59; *Delaware Hum. & C.R. Comm'n v. Schell Bros., LLC*, No. S23C-04-004 MHC, 2025 WL 1253611, at *10 (Del. Super. Ct. Apr. 28, 2025). Defendants refer to this law in their reply in support of their argument that Plaintiff should not be granted leave to amend, but do not explicitly assert that the Court should apply it, other than to Plaintiff's claim for quantum meruit. *See* Dkt. No. 31 at 8.

[5] Plaintiff styles his seventh cause of action as one for "Alter-Ego/Veil-Piercing" and alleges that "Defendant Fusco is jointly liable for all damages." Dkt. No. 20 at 5. The Court notes that "alter ego theory" and "piercing the corporate veil" are forms of equitable relief, interchangeable under Delaware law, that allow claims to reach a corporate owner or parent. *See Winner Acceptance Corp. v. Return on Cap. Corp.*, No. CIV.A. 3088-VP, 2008 WL 5352063, at *5, n. 32 (Del. Ch. Dec. 23, 2008); *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 617 n. 13 (D. Del. 2018) ("Delaware courts have repeatedly found that actions to pierce a corporate veil are equitable in nature.").

corporate veil-piercing claim. *Id.*; *see also Wallace v. Wood,* 752 A.2d 1175, 1183 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task.").

Plaintiff has not successfully pled allegations suggesting that Defendant Fusco Group's corporate veil should be pierced. Plaintiff does not allege any facts regarding Defendant Fusco Group's capitalization, solvency, financial actions by the dominant shareholder, or whether the company functioned as a façade. In conclusory fashion, Plaintiff alleges that "corporate formalities were ignored" without providing any further details alleging what formalities were ignored or how so. Dkt. 20 at ¶ 57. As to Defendant Fusco, Plaintiff alleges that he "dominated and controlled both Fusco Group and ClaimShield," but that by itself does not indicate that Defendant Fusco had a relevant role in any kind of injustice that would weigh in favor of piercing the corporate veil. *Id.* at ¶ 68.

And as for Defendant ClaimShield, Plaintiff does not plead any facts in support of holding it liable as a horizontal affiliate of Defendant Fusco Group. But even if he had, horizontal veil piercing has "not been adopted in Delaware." *Cleveland-Cliffs Burns Harbor LLC v. Boomerang Tube, LLC*, No. 2022-0378-LWW, 2023 WL 5688392, at *7 (Del. Ch. Sept. 5, 2023). The Court therefore dismisses Plaintiff's claim seeking to pierce Defendant Fusco Group's corporate veil as against both Defendant Fusco and Defendant ClaimShield.

**H. Leave to Amend**

In his opposition to Defendants' Motion, Plaintiff briefly requests leave to amend to cure any deficiencies identified by the Court. Dkt. No. 27 at 4. Defendants assert that Plaintiff has already filed an amended complaint as of right, and that a grant of leave to replead would be futile because Plaintiff could not allege any further legally sufficient facts to buttress his deficient claims. Dkt. No. 31 at 7-9.

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ P. 15(a)(2). The Second Circuit has stated that courts should not dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezzio*, 511 F. App'x 28, 31 (2d Cir. 2013). A court should therefore grant leave to amend "absent evidence of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monohan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275 283 (2d Cir. 2000).

While it is true that Plaintiff has already filed an amended complaint as of right, the Court does not find that further amendment is necessarily futile. To be clear, the Consulting Agreement binds only Plaintiff and Defendant Fusco Group. *See supra* Sections IV.B, IV.E. However, Plaintiff has also referenced in his briefing a Restricted Stock Award Agreement into which he entered with ClaimShield and, moreover, certain of his claims might be improved with more detailed factual allegations. Accordingly, and in consideration of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a second amended complaint within thirty days.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's partial Motion to Dismiss, Dkt. No. 24, be **GRANTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's claims for breach of contract against Defendant ClaimShield; account stated and quantum meruit against all Defendants; unjust enrichment against Defendant Fusco; and promissory estoppel and veil-piercing against Defendant ClaimShield and Defendant Fusco, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 14, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge